Landon, J.
The plaintiff did not perform and confessedly was wholly unable to perform his part of the sealed agreement. He had undertaken to show that the title, once in Margaret Snyder, had become vested in himself, but his inquiries convinced him, that instead of that being the case, this title was actually vested in Isaiah Snyder. When he communicated this fact to the defendant, the defendant in substance said to the plaintiff: “If Snyder will give me this title, I will pay you $500, just the same as if I had it from you.”
Whether this was a new agreement or an attempted modification of the old one, it seems to have been entirely destitute of consideration, and in either case void for that reason.
Since the plaintiff could give the defendant nothing, the defendant undertook to get the title he wanted from Snyder, and yet pay the plaintiff $500—for nothing.
Instead of the plaintiff performing one part of any substantial agreement, the defendant must perform for both parties, and yet pay the plaintiff for his non-performance. It seems a novel proposition that it is competent for parties to make by paroi, and without consideration, the non-performance of a covenant, or condition in a sealed instrument, the equivalent of performance. Suppose the defendant had said to plaintiff: “You have not performed; you have not sold me the Margaret Snyder title, and you admit that you have not got it to sell, and I must buy it of Isaiah Snyder. If I do buy it of Snyder, I will pay you what we have agreed it is worth, $500.” This would be a substantial statement of the agreement. That it was utterly destitute of any consideration moving from the plaintiff seems too plain for discussion. It is not relieved by the probable fact that the plaintiff would not have sold at all if he had actually known that he had so little to sell.
Judgment reversed, new trial granted, costs to abide the event.
Learned, P. J., and Bocees, J., concur.